UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARRELL LAVELL HUFFMAN,          §
                                 §
          Petitioner,            §
VS.                              §          CIVIL ACTION NO. 4:15-CV-341
                                 §
WILLIAM  STEPHENS,               §
                                 §
          Respondent.            §

## MEMORANDUM AND ORDER

On April 9, 2015, this Court dismissed petitioner Darrell Lavell Huffman's petition

for a writ of habeas corpus for failure to prosecute.  The order of dismissal did not address

the question of whether Huffman is entitled to a certificate of appealability ("COA").

Huffman has now filed a notice of appeal.  For the following reasons, the Court concludes

that Huffman is not entitled to a COA.

### A. Background

On February 16, 2015, Huffman filed a petition for a writ of habeas corpus

challenging a prison disciplinary proceeding.  On February 17, 2015, this Court issued a

notice of deficient pleading, noting that Huffman had not paid the filing fee or filed a motion

for leave to proceed *in forma pauperis*.  The notice advised Huffman that he had 30 days to

pay the filing fee or move for leave to proceed *in forma pauperis*.  On April 9, 2015, having

received neither the filing fee nor a motion for leave to proceed *in forma pauperis*, the Court

*sua sponte* dismissed the petition without prejudice for failure to prosecute, pursuant to Rule

41(b) of the Federal Rules of Civil Procedure.  On May 11, 2015, Huffman filed a notice of

appeal.

### B. <u>Analysis</u>

Huffman has not requested a COA, but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court concludes that jurists of reason would not find it debatable that the Court acted within its authority in dismissing his petition without prejudice for failure to prosecute. Therefore, Huffman is not entitled to a COA.

## C.   <u>Conclusion</u>

For the foregoing reasons, no certificate of appealability shall issue.

SIGNED on this 18th day of May, 2015.

_____
Kenneth M. Hoyt
United States District Judge