Case 4:15-cv-00341 Document 27 Filed in TXSD on 10/31/16 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELL LAVELL HUFFMAN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-341 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Darrell Lavell Huffman filed a petition for a writ of habeas corpus. The petition challenges the results of a prison disciplinary hearing.

### I. Background

Huffman was found guilty in a prison disciplinary hearing on September 5, 2014 of attempted possession of contraband when his mother left tobacco and rolling papers at a hiding place on the grounds of the prison where he was incarcerated. He received 45 days loss of recreation, commissary, and telephone privileges, suspension of contact visitation through December 15, 2014, 15 days solitary confinement, a reduction in line classification, and loss of 100 days of accrued good time credit. Petition at 5. He contends that the disciplinary violation, hearing, and punishment violate his rights under Sixth and Fourteenth Amendments. He asks this Court to overturn the disciplinary decision, restore his forfeited good time credit, and order expungement of his record.

### II. Analysis

The federal habeas corpus statute allows this Court to entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States. 28 U.S.C. § 2254(a). In the context of a prison disciplinary hearing, a claim lies in habeas corpus if it challenges the fact or duration of the petitioner's confinement. *See*, *e.g.*, *Preiser v. Rodriguez,* 411 U.S. 485, 500 (1973).

A. Conditions of Confinement

Huffman plainly does not challenge the fact or duration of his confinement with regard to any of the penalties imposed on him other than the loss of good time credit and reduction in time-earning classification. The other penalties – loss of privileges, loss of contact visitation, and solitary confinement – affected the conditions, but not the duration, of Huffman's confinement.

> Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 439 (5th Cir.1989).

*Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Therefore, relief is not available in habeas corpus with regard to these penalties.

B. Reduction in Time-Earning Classification

Similarly, the reduction in Huffman's time-earning classification is not cognizable in habeas corpus. While reduced time earning could possibly delay Huffman's release from custody, it will not inevitably do so. "If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied,* 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820©21 (5th Cir. 1997).

The Fifth Circuit has observed that the Texas legislature explicitly declined to create a right to good conduct time. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Moreover,

there is no guarantee that a prisoner will earn the maximum possible good time credit, or that he will not have earned credits later revoked.  Therefore, the effect of good time credit on future release is too speculative and attenuated.  "[T]he timing of [petitioner]'s release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status . . . .." *Id.*  Because Huffman has no protected liberty interest in any specific time-earning status, his reduction in time-earning status fails to identify a constitutional violation.

    C.    <u>Loss of Good Time Credit</u>

There is no dispute that Huffman has a protected liberty interest in his accrued good time credit.  *See, e.g., Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007).  Huffman argues that he was deprived of this liberty interest without due process of law because:  1) the charging officer violated Texas Department of Criminal Justice ("TDCJ") policy because he did not have direct knowledge of the incident giving rise to the disciplinary charge; 2) the evidence was insufficient to support the finding of guilt; 3) Huffman was denied effective assistance of counsel substitute; and 4) he was deprived of his liberty interest through an "internal administrative decision" and did not receive adequate notice of the charges against him.

    1.    <u>Unexhausted Claims</u>

Inmates are required to exhaust available administrative remedies before challenging a prison disciplinary hearing through a federal petition for a writ of habeas corpus.  *See Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).  In this context, exhaustion requires that the prisoner raise his claims through TDCJ's internal grievance procedure, *Gattrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993), ), which requires that a prisoner raise issues in both Step One and Step Two grievance, *Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004).

In his grievances, Huffman complained that TDCJ rules prohibited possession of contraband, but not attempting to prohibit contraband. He further complained that there was no evidence supporting the finding of guilt. Step One and Step Two Grievance Forms (Doc. # 24-2) at 16-19. He did not complain about the charging officer's alleged lack of direct knowledge, ineffective assistance of counsel substitute, or lack of notice and deprivation through an "internal administrative decision." These claims are therefore unexhausted, and this Court cannot grant relief on them.

2. Sufficiency of the Evidence

"Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary [hearing officer.]

*Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985).

The offense report stated that a Corrections Sergeant observed a black car pulled over on prison property. After the car left, the Sergeant went to the area where the car had been, and found 1.2 ounces of tobacco and two packages of rolling paper sealed placed inside a Ziploc bag, which was rolled up in aluminum foil, hidden in a hollow area between a tree trunk and the ground. The investigating officer then received information from the prison gatehouse identifying the car as belonging to Huffman's mother. The officer called Huffman's mother, who admitted that she dropped off the contraband. Officials then listened to recordings of phone conversations between Huffman and his mother in which they appeared to speak in code, with Huffman asking his mother if she could "pick up 2K and 1B." The hearing officer found

Huffman guilty based on the offense report and testimony presented at the disciplinary hearing. Disciplinary Hearing Record (Exhibit A to Respondent's Motion for Summary Judgment) at 1. There was therefore clearly some evidence to support the finding that Huffman attempted to possess contraband.

To the extent that Huffman contends that the disciplinary rules prohibit possession of contraband, but not attempts to possess contraband, respondent points to the TDCJ rules manual provided to inmates. The manual makes clear that attempting to engage in any of the offenses identified in the manual is itself an offense. Huffman did not respond to the motion for summary judgment, and thus offers no evidence to refute respondent's evidence.

The record thus establishes that attempting to possess contraband is a disciplinary violation, and that there was at least sufficient evidence to support the finding that Huffman attempted to possess contraband. Huffman therefore fails to demonstrate any violation of his constitutional rights with regard to the disciplinary finding, and is not entitled to relief.

### III. Certificate of Appealability

Huffman has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review

COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Huffman's' claims and concludes that he has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or that jurists of reason would find this Court's procedural determinations debatable. This Court concludes that Huffman is not entitled to a certificate of appealability.

## IV. Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent Lorie Davis' motion for summary judgment (Dkt. No. 24) is GRANTED;

2. Petitioner Darrell Lavell Huffman's petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITH PREJUDICE; and

3. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 31st day of October, 2016.

_____
Kenneth M. Hoyt
United States District Judge